Mr. Andrew DeGraffenreidt III City Attorney City of Hollywood, Florida Post Office Box 2207 Hollywood, Florida 33022 Attention: James T. Schoenbrod Deputy City Attorney
Dear Mr. DeGraffenreidt:
You ask essentially the following question:
 MAY A MUNICIPALITY VOLUNTARILY ANNEX A LAND AREA OCCUPIED BY A SINGLE CONDOMINIUM WITHOUT A PETITION SIGNED BY ALL OWNERS OF UNITS IN THE CONDOMINIUM?
You specifically ask whether a petition for voluntary annexation signed by a properly authorized officer of the condominium association complies with statutory procedural requirements. You also ask whether the statutory requirements are met by "appropriate proof" that 100% of the unit owners attending the association board meeting voted to authorize the association to submit a petition for voluntary annexation. I assume that no county charter provision for an exclusive method of municipal annexation is applicable. See, s. 171.044(4), F.S. (1986 Supp.).
Section 171.044, F.S. (1986 Supp.), provides that the owners of real property in an unincorporated area that is continguous to a municipality and is reasonably compact may petition the municipality for voluntary annexation. Section 171.044(2), F.S. (1986 Supp.), specifies the following procedure:
 Upon determination by the governing body of the municipality that the petition bears the signatures of all owners of property in the area proposed to be annexed, the governing body may, at any regular meeting, adopt a nonemergency ordinance to annex said property. . . . (e.s.)
A municipality is not constitutionally or statutorily authorized to vary procedures for annexation specified in general or special law. See, s. 2(c), Art. VIII, State Const. ("[m]unicipal annexation of unincorporated territory . . . shall be as provided by general or special law"); s. 171.022(1), F.S. (purpose of Ch. 171, F.S., to provide viable and usable general law standards and procedures for adjusting municipal boundaries). See also, AGO's 81-22 (municipal annexation authorized only in accord with procedures in Ch. 171) and 77-133 (municipality precluded from enacting any annexation procedures contrary to Ch. 171).
Section 718.106(1), F.S., provides that "[a] condominium parcel created by the declaration is a separate parcel of real property. . . ." This statutory declaration has the effect of making all owners of units in a condominium owners of separate parcels of real property. Accordingly, a petition to a municipality for voluntary annexation that does not bear the signatures of all owners of units in a condominium would not comply with the procedural requirements of s. 171.044(2), F.S. (1986 Supp.). A petition signed only by an authorized officer or officers of a condominium association or "appropriate proof" that 100% of the condominium's unit owners attending the association board meeting voted to authorize the petition is not, in my opinion, a petition bearing the signatures "of all owners of property in the area proposed to be annexed. . . ."
SUMMARY
Therefore, it is my opinion that a municipality may not voluntarily annex a land area occupied by a single condominium without a determination that a petition therefor bears the signatures of all owners of units in the condominium.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Kent L. Weissinger
Assistant Attorney General